BEN F. WALLING, *Respondent*, v. E. F. O'FLYNN, *Individually and as Administrator, Appellant.*[1]

*Louis Haven* and *Hazel & Hazel*, for appellant.
*Hovey & Anderson*, for respondent.

MITCHELL, J.—On October 26, 1932, E. F. O'Flynn and Elsa M. O'Flynn, his wife, at Seattle, Washington, executed and delivered their interest-bearing promissory note in the sum of six thousand dollars, payable to the order of Ben F. Walling, the note being payable in installments, the last of which became due October 26, 1934. At the same time, to secure the payment of the note, they executed and delivered to him a chattel mortgage upon certain of their personal property, situate in King county.

After the delivery of the note and mortgage, Elsa M. O'Flynn died, and her surviving husband was appointed, qualified, and is acting as administrator of her estate.

Upon getting the note and mortgage, Walling endorsed, assigned and delivered them to the Coast Finance Company as collateral security for the payment of borrowed money, and later, upon paying the Coast Finance Company, the mortgage, by agreement between the parties, was assigned and delivered to one D. W. Allen, and at the same time the note was endorsed by the Coast Finance Company and returned to Walling, who continued in possession of it until trial in this action.

It appears that the mortgage was assigned to D. W. Allen for convenience in making collections by him and his son John R. Allen from the O'Flynns of the amount due on the mortgage, such collections to be for Walling, the real owner of the note and mortgage.

Upon default in payment of the note, Walling brought suit on it and to foreclose the chattel mortgage. Not being able to get a reassignment of the chattel mortgage from D. W. Allen, he, D. W. Allen, his son John R. Allen, and their attorney, Alfred Thompson, and E. F. O'Flynn, individually and as administrator of Mrs. O'Flynn's estate, were made parties defendant in the action. Emmanuel & Co., Inc., to whom one of the rugs covered by the mortgage had been delivered for repairs, was also made a party defendant in the action.

[1]Reported in 52 P. (2d) 309.

After the action was commenced, D. W. Allen assigned and delivered the mortgage to Walling, who thereupon dismissed the action as to all the defendants except the O'Flynns and Emmanuel & Co., Inc., and at the same time filed an amended and supplemental complaint setting out the facts, and it was on this complaint that the suit was tried.

Emmanuel & Co., Inc., appeared by answer and claimed a lien upon the rug delivered to it for repairs, in which respect the judgment is satisfactory to all the parties.

O'Flynn, individually and as administrator, filed an answer containing appropriate general denials and a cross-complaint alleging that the Coast Finance Company assigned and delivered the note and mortgage to D. W. Allen, who became, and continued to be, the owner thereof and of the debt it was given to secure, and that the note and mortgage, by a compromise agreement between him and O'Flynn, were to be delivered by D. W. Allen to O'Flynn for the sum of $550, of which amount fifty dollars was paid at the time of the agreement. The allegations of the cross-complaint were denied.

Upon the trial of the action, findings of fact, conclusions of law and judgment for the balance due on the note and foreclosure of the chattel mortgage were entered in favor of the plaintiff. O'Flynn, individually and as administrator, has appealed.

The case is controlled and must be determined and decided by and on account of the facts, and while there was some conflict in the evidence, it clearly and convincingly appears, as the trial court found, that, upon redeeming the note and mortgage from the pledge to the Coast Finance Company by Walling, the note and mortgage became the property of Walling; that the note was kept in his possession as the owner thereof until the trial of the case; that the mortgage was assigned and delivered to D. W. Allen for convenience in collections to be made by D. W. Allen and his son, John R. Allen, for Walling, from O'Flynn on the mortgage; that the note was never, in fact, assigned to D. W. Allen; that the so-called compromise agreement between D. W. Allen and O'Flynn was signed by one on behalf of D. W. Allen who had no authority to bind him; and

". . . that said agreement was executed without any consideration, and at that time all the parties very well knew that the said mortgage and note which it secured were in fact the property of the plaintiff."

Judgment affirmed.

BLAKE, TOLMAN, STEINERT, and GERAGHTY, JJ., concur.